UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PHILIP RECHNITZER,

        Petitioner,
  v.

UNITED STATES PROBATION,

        Respondent.

9:14-CV-0721
(DNH/CFH)

---

APPEARANCES:                        OF COUNSEL:

PHILIP RECHNITZER
Petitioner, pro se
199 Cary Road, Apt. 1
Mechanicsville, NY 12118

DAVID N. HURD
United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Petitioner Philip Rechnitzer has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). He is currently serving a term of supervised release, and has paid the required filing fee.

### II.    DISCUSSION

    **A.    The Petition**

Petitioner states that on February 8, 2010, he was sentenced in the Northern District of New York to serve an aggregate term of forty six months in federal prison followed by three years supervised release upon his guilty plea and conviction for conspiracy to commit wire fraud and other related charges. Pet. at 2; *see United States v. Rechnitzer*, No. 1:05-

CR-0368-01 (TJM), Dkt. No. 324, Sentencing; Dkt. No. 325, Judgment.[1]  Petitioner does not appear to be challenging his underlying conviction.  Much of the petition is blank, and petitioner has not stated any grounds for relief.  Petitioner simply asks that this court grant "[r]elief from Supervised Release following completion of sentence on 07/23/2013 having cooperated fully in all matters with U.S. Probation."  Pet. at 16.

### B.   Petition brought pursuant to 28 U.S.C. § 2254

State prisoners must bring challenges both to the execution of a sentence and to underlying convictions pursuant to 28 U.S.C. § 2254, which governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *see Cook* v. *N.Y.S. Div. of Parole* , 321 F.3d 274, 278 (2d Cir. 2003); *Wright v. Smith*, No. 9:03-CV-0806 (DNH/GHL), 2007 WL 2412248, at *4 n.7 (N.D.N.Y. Aug. 21, 2007), *aff'd* 348 F. App'x 612 (2d Cir. 2009) (summary order).

In contrast, the proper way for federal prisoners to attack the imposition of a sentence is by filing a motion to vacate the judgment pursuant to 28 U.S.C. § 2255 in the sentencing court.  *Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *see Williams v. Winn*, No. 4:05-CV-40100, 2005 WL 1541099, at *1 (D. Mass. Jun. 30, 2005) ("Section 2255 is the correct vehicle for challenging the legality of a

---

[1] On July 12, 2010, petitioner filed a motion to vacate his conviction pursuant to 28 U.S.C. §2255.  *Rechnitzer*, No. 1:05-CR-0368-01, Dkt. No. 356.  The motion was denied on September 24, 2010.  *Id.* at Dkt. No. 359, Decision and Order.  Petitioner also appealed from his conviction.  In a mandate issued on August 4, 2011, the Second Circuit granted defense counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and granted the government's motion to dismiss the appeal as to petitioner's conviction and term of imprisonment because petitioner failed to demonstrate that the waiver of his appellate rights was unenforceable.  Dkt. No. 363, Mandate, Aug. 4, 2011.  The Second Circuit also granted the government's motion for summary affirmance with respect to the "non-imprisonment components of [petitioner's] sentence."  *Id.*

sentence . . . [thus] this Court is without jurisdiction under section 2241 to correct petitioner's sentence."). Federal petitioners may challenge the execution of a federal sentence by bringing a habeas corpus petition pursuant to 28 U.S.C. § 2241. *Adams,* 372 F.3d at 134-35. For example, a petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *Cook,* 321 F.3d at 278. Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a) (2006); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

Here, petitioner is not challenging either a state conviction or the execution of a state sentence. Instead, he appears to be requesting a reduction in his term of federal supervised release. Accordingly, petitioner may not bring his claims pursuant to 28 U.S.C. § 2254. The court declines to construe this petition as one brought pursuant to either section 2241 or section 2255 because there are no grounds for relief alleged in the petition, and petitioner has not explained why he believes he is entitled to a reduction or termination of his term of supervised release.[2]

Accordingly, this action will be dismissed without prejudice to petitioner filing the appropriate petition or motion in which he sets forth the grounds for the relief he requests.

---

[2] Additionally, 18 U.S.C. § 3583(e)(1) permits a district court to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Motions for relief pursuant to section 3583 should be filed in the underlying criminal action.

3

### III.   CONCLUSION

Therefore, it is

ORDERED that

1. This action is **DISMISSED without prejudice**;

2. No Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires; and

3. The Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  June 27, 2014
         Utica, New York.